# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NARANJIBHAI PATEL and RAMILABEN
PATEL,

       *Plaintiffs-Appellants,*

v.

CITY OF LOS ANGELES,
a municipal corporation,
       *Defendant-Appellee.*

No. 08-56567

D.C. No.
2:05-cv-01571-
DSF-AJW

OPINION

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted
December 6, 2010—Pasadena, California

Filed July 17, 2012

Before: Harry Pregerson, Richard R. Clifton, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Clifton;
Dissent by Judge Pregerson

## COUNSEL

Frank A. Weiser, Los Angeles, California, for appellants Naranjibhai Patel and Ramilaben Patel.

Rockard J. Delgadillo, City Attorney, Laurie Rittenberg, Assistant City Attorney, Todd Leung (argued), Deputy City Attorney, Los Angeles, California, for appellee City of Los Angeles.

---

## OPINION

CLIFTON, Circuit Judge:

Plaintiffs Naranjibhai Patel and Ramilaben Patel are owners and operators of motels in Los Angeles. They challenge the constitutionality of Los Angeles Municipal Code (LAMC) § 41.49, which requires operators of hotels in the City to maintain certain guest registry information and to make that information available to police officers on request. Appellants contend that LAMC § 41.49 is facially unconstitutional under the Fourth Amendment because it authorizes unreasonable invasions of their private business records without a warrant or pursuant to any recognized warrant exception. Following a bench trial on stipulated evidence, the district court held that the ordinance was reasonable and granted judgment in favor of the City, concluding that the hotel operators did not establish that they had a privacy interest in the guest registry information.

A facial challenge is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exist under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987); *see Washington State Grange v. Washington State Republican Party,* 552 U.S. 442, 449 (2008) ("*i.e.*, that the law is unconstitutional in all of its applications"). That the ordinance might operate unconstitutionally under some circumstances is not enough to render it invalid against a facial challenge. The Patels have not satisfied that high standard. As a result, this facial challenge to the ordinance fails. We affirm.

## I.  Background

The facts of this case are simple and undisputed. The only exhibit introduced at the bench trial was the text of LAMC § 41.49. The parties stipulated that the Patels have been and continue to be subjected to searches and seizures of their motel registration records by the police, pursuant to the ordinance, without consent or a warrant. The parties also stipulated that the only issue at trial was the facial constitutionality of LAMC § 41.49.

The ordinance defines "hotel" broadly to cover hotels, motels, inns, rooming houses, and other establishments offering space for overnight accommodations for rent for a period of less than 30 days. It requires that every operator of a hotel record certain information concerning its guests, including name and address; total number of guests; make, type and license number of the guest's vehicle if parked on hotel premises; date and time of arrival; scheduled date of departure; room number; rate charged and collected; method of payment; and the name of the hotel employee who checked the guest in. The record may be kept in electronic, ink, or typewritten form. LAMC § 41.49(2). The ordinance requires that the record be kept on the hotel premises in the guest reception area or in an adjacent office for at least 90 days after the last entry. It provides specific requirements for the form of the guest register and requires that it must be printable if maintained electronically. LAMC § 41.49(3).

With regard to the authority of the police to require that the registration records be made available, the ordinance provides that:

> The record . . . shall be made available to any officers of the Los Angeles Police Department for inspection. Whenever possible, the inspection shall be conducted at a time and in a manner that mini-

mizes any interference with the operation of the business.

LAMC § 41.49(3)(a).

Based on the stipulated record, the district court entered judgment in favor of the City. The Patels timely appealed.

## II.  Discussion

We review interpretations of and constitutional challenges to regulations de novo. *Mapes v. United States*, 15 F.3d 138, 140 (9th Cir. 1994). A district court's grant of summary judgment is reviewed de novo as well. *Hapner v. Tidwell*, 621 F.3d 1239, 1244 (9th Cir. 2010).

**[1]** The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." Not all intrusions violate the Fourth Amendment — only "unreasonable" ones do. As the Supreme Court has observed, " 'reasonableness is still the ultimate standard' under the Fourth Amendment." *Soldal v. Cook County*, 506 U.S. 56, 71 (1992) (quoting *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 539 (1967)).

**[2]** The Fourth Amendment applies "when government officers violate a person's 'reasonable expectation of privacy.' " *United States v. Jones*, 132 S.Ct. 945, 950 (2012). In addition, the Fourth Amendment embodies "a particular concern for government trespass upon the areas ('persons, houses, papers, and effects') [the Fourth Amendment] enumerates." *Id.*[1] The "reasonable-expectation-of-privacy test has

---

[1]In *Jones*, the Court held that attachment of a Global Positioning System (GPS) tracking device to a vehicle and subsequent use of that device to monitor the vehicle's movements on public streets was a search within the meaning of the Fourth Amendment. That decision was filed after this case was submitted to our court. We requested and obtained from the parties supplemental briefing on the impact of that decision.

been added to, not substituted for, the common-law trespassory test." *Id.* at 952. We will discuss both in turn.

### A.    *Reasonable expectation of privacy*

Most applications of the Fourth Amendment focus on an individual's "reasonable expectation of privacy." *See Minnesota v. Carter*, 525 U.S. 83, 88 (1998) ("in order to claim the protection of the Fourth Amendment, a [person] must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable"). The expectation of privacy must be "one which society accepts as objectively reasonable." *United States v. Thomas*, 447 F.3d 1191, 1196 (9th Cir. 2006).

**[3]** The information covered by the Los Angeles ordinance principally concerns hotel guests. The information does not, on its face, appear confidential or "private" from the perspective of the hotel operator.

**[4]** We have already held that hotel guests do not have a reasonable expectation of privacy in guest registry information once they have provided it to the hotel operator. *United States v. Cormier,* 220 F.3d 1103, 1108 (9th Cir. 2000). We noted that the information at issue in that case, the guest's name and room number, was not "highly personal information." *Id*. We also noted that once the guest has voluntarily revealed factual information to the hotel in the process of checking in, he can no longer claim a reasonable expectation of privacy in that information, citing *United States v. Miller*, 425 U.S. 435, 441-43 (1976) (holding that a bank customer did not have a reasonable expectation of privacy in records maintained by the bank). *Cormier,* 220 F.3d at 1108.

**[5]** The Patels presented no evidence to support their contention that hotel owners and operators, including themselves, have their own expectation of privacy in the information contained in guest registers. It may be true, as they allege, that the

information could be used by the hotel operators for other purposes, but that does not mean hotel owners have a reasonable expectation of privacy in the registers. Just because information can be used by a business does not mean that the business owner desires to keep the information private, or that society would accept such a desire as objectively reasonable. Here, there is no evidence that all hotel owners affected by the regulation even consider the information to be private, let alone that any such expectation is reasonable.

Moreover, the Patels have presented no evidence that hotel owners customarily maintain guest registers in a manner that would support a claim of privacy. As *Miller* and *Cormier* recognized, once information is revealed to others it is unlikely that a reasonable expectation of privacy can be established. An old-fashioned guest register may take the form of a book located on the counter in the guest reception area, a form that would appear to satisfy the ordinance. But it is unlikely society would recognize a reasonable expectation of privacy in information kept in a manner so easily accessible by anyone entering the hotel.

**[6]** To be clear, we do not hold that a hotel owner or operator can never have a reasonable expectation of privacy in guest register information. To this end, we reject the argument of the City that hotel owners can never have a reasonable expectation of privacy in the guest registries simply because the regulation informs them that the police can inspect the registries on request. An individual's otherwise reasonable expectation of privacy cannot be so easily stripped away merely by the adoption of a regulation authorizing searches of an item or location. To hold otherwise would allow the government to conduct warrantless searches just by announcing that it can. *See United States v. Consol. Coal Co.,* 560 F.2d 214, 217 (6th Cir. 1977), *vacated and remanded on other grounds*, 436 U.S. 942 (1978), *judgment reinstated*, 579 F.2d 1011 (6th Cir. 1978), *cert. denied* 439 U.S. 1069 (1979) ("Even where a statute requires records to be maintained and

authorizes on-premises inspection of them in the normal course, no precedent sanctions direct access to the records without demand in the absence of a search warrant."); *see also McLaughlin v. Kings Island*, 849 F.2d 990, 995 (6th Cir. 1988) ("[T]he concept of 'required records' is not synonymous with the absence of a privacy interest."); *Brock*, 834 F.2d 994, 996 (11th Cir. 1987) (concluding business had a privacy interest in records OSHA required it to keep and make available for inspection).

A customer list, for example, may be entitled to the protection of the Fourth Amendment, like other business records and premises. *See Marshall v. Barlow's, Inc.*, 436 U.S. 307, 312 (1978) (discussing historical background of Fourth Amendment and noting that "[a]gainst this background, it is untenable that the ban on warrantless searches was not intended to shield places of business"); *United States v. Burger*, 482 U.S. 691, 699 (1987) ("An owner or operator of a business thus has an expectation of privacy in commercial property, which society is prepared to consider reasonable"). Businesses may have a reasonable expectation of privacy in their information contained in their records. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352 (1977) (seizure of corporate books and records implicated company's privacy interest); *See v. City of Seattle*, 387 U.S. 541, 544 (1967) (Fourth Amendment applies to government's "perusal of financial books and records").

**[7]** But the Patels have provided no evidence or other basis for us to conclude that they have an objectively reasonable expectation of privacy in the information covered by this ordinance, let alone that all hotel operators do. They cannot meet the standard for a successful facial challenge because they cannot "establish that no set of circumstances exist under which the Act would be valid." *Salerno*, 481 U.S. at 745.

## B.   *The common-law trespassory test*

The Patels argue that they may have a valid claim even if they lack a reasonable expectation of privacy in the informa-

tion at issue because the Fourth Amendment protects interests in addition to privacy. That is true, as confirmed by the Court's recent decision in *Jones*.

But "reasonableness" remains the "ultimate standard" under the Fourth Amendment. *Soldal*, 506 U.S. at 71. *Jones* did not change that. *Jones* did not discuss the "reasonableness" standard in applying what it described as the "common-law trespassory test" because, as the Court specifically held, the government had "forfeited" the argument that the attachment and use of the GPS device was reasonable by failing to make that argument to the court of appeals. 132 S.Ct. at 954.

**[8]** The Fourth Amendment explicitly protects "papers." The guest register covered by the city ordinance is a protected paper. But the intrusion imposed by the ordinance is limited. The Patels make no claim that they have been or will be physically dispossessed of any property. No "seizure" of property is inherent under the ordinance, nor is it to be expected. The ordinance is concerned with obtaining access to information and provides several options as to the form in which the hotel operator keeps the information. Nothing in the ordinance provides that the hotel operator cannot keep the information available for its own use at the same time that a police officer may be inspecting it. If it is kept electronically or if duplicate records are maintained, both the hotel operator and the police officer may be able to have access to the information at the same time. The ordinance also specifically provides that any inspection "shall be conducted at a time and in a manner that minimizes any interference with the operation of the business." LAMC § 41.49(3)(a).

Nor does the inspection authorized by the ordinance require a physical invasion of the hotel operator's private premises. The ordinance requires that the register information be maintained in the guest reception or guest check-in area or in an office adjacent to that area. The reception area is by nature public, not private. As the records may be kept and made

available for inspection there, the ordinance does not require intrusion into any private space.

**[9]** The Patels have failed to demonstrate that the limited intrusion authorized under the ordinance is unreasonable in their own particular circumstances, let alone in terms that would support a facial challenge to the ordinance.

## C.   *Plaintiffs' additional arguments*

The Patels make additional arguments that we conclude are not persuasive.

**[10]** The Patels contend that the Supreme Court established certain requirements that must be satisfied for a system of warrantless inspections to be permitted under the Fourth Amendment, citing *United States v. Burger*, 482 U.S. 691 (1987). They argue that the Los Angeles ordinance at issue here does not satisfy those requirements, most importantly because the motel industry is not a "closely regulated" industry.[2] It is certainly true that the Court has recognized that the operator of commercial premises in a "closely regulated" industry has a reduced expectation of privacy, such that warrantless inspection of those premises may be accepted as reasonable under the Fourth Amendment when a similar inspection of different premises would not be permitted. *See id.* at 702. But that assumes that there is a privacy interest protected by the Fourth Amendment in the first place. Because the Patels have failed to establish that they have a reasonable expectation of privacy in the information covered by the ordinance, there is no need to justify the examination of the guest register as a warrantless administrative search under *Burger*.

---

[2]The district court agreed with the Patels on that point, concluding that the City failed to establish that hotels and motels were closely regulated for the purpose of qualifying for that exception for warrantless administrative searches. Because we resolve the case on another ground, we do not reach that issue.

The Patels also cite our decision in *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 539-42 (9th Cir. 2004), as directly on point in support of their claim. It is not. That case dealt with regulation of abortion clinics. In that context we noted that "the expectation of privacy is *heightened*, given the fact that the clinic provides a service grounded in a fundamental constitutional liberty, and that all provision of medical services in private physicians' offices carries with it a high expectation of privacy for both physician and patient." *Id*. at 550. The Patels have not established a reasonable expectation of privacy in the first place.

## III.  Conclusion

**[11]** The Patels have not established that all hotel owners have a reasonable expectation of privacy in their guest registers, or even that they themselves do. Nor have they demonstrated that the inspection of guest registers authorized by the ordinance is an unreasonable intrusion. As a result, we conclude that LAMC § 41.49 is not facially unconstitutional.

**AFFIRMED.**

---

PREGERSON, Circuit Judge, dissenting:

The Supreme Court has repeatedly held that warrantless searches by police " 'are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.' " *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)); *see also Mincey v. Arizona*, 437 U.S. 385, 390 (1978) ("[I]t is a cardinal principle that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established

and well-delineated exceptions.' ") (quoting *Katz*, 389 U.S. at 357). Today, the majority overlooks this well-established rule.

The majority upholds an ordinance that violates the Fourth Amendment on its face. Los Angeles Municipal Code Section 41.49 authorizes the Los Angeles Police Department to search hotel business records *without a warrant*. To pass constitutional muster, a warrantless search of a business, like any warrantless search, must be based on a "specifically established and well-delineated exception[ ]" to the Fourth Amendment's warrant requirement. *Gant*, 556 U.S. at 338 (internal quotation marks omitted); *see also Marshall v. Barlow's, Inc.*, 436 U.S. 307, 311 (1978) (noting that the Fourth Amendment's warrant requirement applies to "places of business"). What is the "specifically established and well-delineated exception[ ]" put forth by the majority? There is none. Instead, the majority simply declares that the searches at issue are reasonable. Maj. Op. at 8202-03.

The majority concedes that the ordinance authorizes a "search" within the meaning of the Fourth Amendment. *See* Maj. Op. at 8202 ("The Fourth Amendment explicitly protects 'papers.' The guest register covered by the city ordinance is a protected paper."). The majority further concedes that the ordinance authorizes these searches to occur without a warrant. Maj. Op. at 8197.

Thus it is clear that, to comply with the Fourth Amendment, the ordinance must fall within a "specifically established and well-delineated exception[ ]" to the warrant requirement. *Gant*, 556 U.S. at 338 (internal quotation marks omitted). Yet the majority does not offer any exception.[1]

---

[1] I agree with the district court that the exception to the warrant requirement for "closely regulated" industries does not apply. *See New York v. Burger*, 482 U.S. 691, 700-02 (1987) (describing exception to the warrant requirement for "closely regulated" industries). The city has not offered any evidence that hotels in Los Angeles have been subjected to intense

The majority opinion conflicts with long-standing and well-established Fourth Amendment jurisprudence. Accordingly, I dissent.

---

regulatory scrutiny. The city cites a handful of state and local laws to establish that hotels are "closely regulated," but most of the laws cited by the city are laws of general applicability, and do not establish that *hotels* are a closely regulated industry. *See Rush v. Obledo*, 756 F.2d 713, 722 (9th Cir. 1985).