**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAYANTIBHAI PATEL, Individual and all others similarly situated and Plaintiff Tenants, DBA Princess Inn; et al., Plaintiffs - Appellants, v. CITY OF LONG BEACH, a municipal corporation, Defendant - Appellee. | No. 09-56699 D.C. No. 2:08-cv-02806-ABC-VBK MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted December 6, 2010
Pasadena, California

Before: PREGERSON, CLIFTON, and BEA, Circuit Judges.

The Patels appeal from the district court's dismissal of their suit under 42

U.S.C. § 1983 alleging violation of due process and the First and Fourth

Amendments. The Patels' claims arise from actions taken by Long Beach towards

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

them in their roles as owners and operators of the Princess Inn, a motel in Long Beach, California.  We affirm.

## I.    Due Process

Plaintiffs Pravin and Dipak Patel claimed that Long Beach deprived them of substantive due process by failing to give them notice of the administrative hearing regarding the revocation of the license to operate the Princess Inn.  Pravin and Dipak, as owners of the Inn, did not have a property interest in Jayantibhai Patel's license to operate the Inn and therefore did not have a right to procedural due process.  *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-570 (1972) ("The requirements of procedural due process apply only to deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").  As the district court noted, Dipak and Pravin may have a "curious interest" in the outcome of the license revocation hearing, but they have no ownership of the license nor a "legitimate claim of entitlement to it."  *Id.* at 577. The district court properly found there was no violation of the due process clause.

## II.    First Amendment

The Patels' First Amendment claim also relates to Long Beach's commencement of procedures to revoke the license to operate the Princess Inn. The complaint alleged a violation of their right to access the courts, but gave no

2

further specifics as to how this right was violated. Plaintiffs' response to Long Beach's motion for summary judgment raised for the first time a theory of retaliation. As the district court held, a plaintiff cannot raise a new theory for the first time in opposition to summary judgment. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-93 (9th Cir. 2000) (plaintiff could not proceed with new theory not pled in complaint); *Wasco Products, Inc. v. Southwall Tech., Inc.* 435 F.3d 989 (9th Cir. 2006). Allowing a plaintiff to proceed on a new theory would prejudice defendants because "[a] complaint guides the parties' discovery putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman*, 232 F.3d at 1292. The statement in the complaint that there was a denial of access to the courts, without explanation, provided no notice of a retaliation theory. The district court properly held that the Patels could not raise this new theory during summary judgment.

Moreover, even if the district court had considered this argument, it was without merit. Plaintiffs claimed retaliation due to their refusal to enter into a settlement agreement with the City regarding unpaid taxes. Plaintiffs relied on *Sorrano Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1313-14 (9th Cir. 1989), in which the court recognized a claim under § 1983 where a business alleged that the government suspended its permits in retaliation for criticizing and bringing suit

3

challenging a government program. Plaintiffs' reliance on *Sorrano* is misplaced because the *Sorrano* Court was explicit that a retaliation claim will only lie if "plaintiffs can establish that the decision to suspend the permits was made because of [plaintiffs'] exercise of constitutionally protected rights." *Id.* at 1314. Plaintiffs' rejection of a settlement agreement was not an exercise of a constitutionally protected right.

## III. Fourth Amendment

The Patels raise a facial and as-applied challenge under the Fourth Amendment to Long Beach Municipal Code ("LBMC") § 5.48.010, which requires motel operators to maintain a guest registry and make it available to the police for inspection on demand. They argued that the regulation is facially unconstitutional because it allows for warrantless searches and that the specific inspection of the Princess Inn's guest registry was unconstitutional.

We considered a facial challenge to a similar municipal regulation in *Patel v. Los Angeles*, No. 08-56567, __ F.3d. __ (9th Cir. _____, 2012) Our conclusion in that case that the facial challenge failed is controlling here. Like the Patels in that case, the Patels here are unable to show that all motel owners affected by the regulation have a subjective and objectively reasonable expectation of privacy in their guest registries. *See Minnesota v. Carter*, 525 U.S. 83, 88 (1998) ("in order

4

to claim the protection of the Fourth Amendment, a [person] must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable"). Nor have they demonstrated that the intrusion into the papers authorized under the ordinance is unreasonable in some other way, as to themselves or to motel operators in general. Therefore the Patels cannot "establish that no set of circumstances exist under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

The Patels also raise an as-applied challenge specific to the search and seizure of the guest registry of the Princess Inn. As we noted in *Patel v. Los Angeles,* it might be possible for a motel owner to establish that he has a reasonable expectation of privacy in his guest registry based on the manner in which he uses, maintains, and stores the registry. *See Patel v. Los Angeles*, slip op. at __ ; *see also Sibron v. New York*, 392 U.S. 40, 59 (1968) ("The constitutional validity of a warrantless search is pre-eminently the sort of question which can only be decided in the concrete factual context of the individual case.").

However, here the Patels have presented no evidence that demonstrates that they have even a subjective expectation of privacy in the Princess Inn guest registry, let alone an objectively reasonable expectation. There was no evidence presented that the guest registry is used in a manner that would make it important

5

to keep the information in the guest registry private. Nor was there any evidence that the Patels maintain or store the guest registry in a secure or private manner, such that inspection of the registry would constitute an intrusion that was unreasonable in any other way. The Patels failed to meet their burden. *See United States v. Silva*, 247 F.3d 1051, 1055 (9th Cir. 2001) ("[Appellants] have the burden of establishing that, under the totality of the circumstances, the search or seizure violated their legitimate expectation of privacy.").

**AFFIRMED.**

*Patel v. City of Long Beach*, No. 09-56699

Pregerson, Circuit Judge, dissenting:

I respectfully dissent. In my view, Long Beach Municipal Code Section 5.48.010 violates the Fourth Amendment on its face. *See Patel v. City of Los Angeles*, No. 08-56567, — F.3d — (9th Cir. 2011) (Pregerson, J., dissenting).