**NOT FOR PUBLICATION**

FEB 14 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY LEE GOODWIN, | No. 11-35630 |
| Plaintiff - Appellant, | D.C. No. 6:11-cv-06068-HO |
| v. | |
| JOSH HALL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Gary Lee Goodwin appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action seeking a declaratory judgment that a

restriction on his post-prison supervision violates his First Amendment rights. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo, *Patel v. City of Los Angeles*, 686 F.3d 1085, 1087 (9th Cir. 2012), and may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

Summary judgment was proper as to Goodwin's retaliation claim because Goodwin failed to raise a genuine dispute of material fact as to whether defendants have restricted his ability to associate or reside with Mr. Sharp in retaliation for Goodwin's protected conduct. *See Karam v. City of Burbank*, 352 F.3d 1188, 1194 (9th Cir. 2003) (holding in the First Amendment retaliation context that speculation as to the defendant's "improper motive does not rise to the level of evidence sufficient to survive summary judgment").

The district court properly granted summary judgment on Goodwin's free association claim to the extent that defendants have restricted Goodwin's ability to reside with Mr. Sharp, because Goodwin failed to raise a triable dispute as to whether this restriction does not properly advance the state's interest in deterrence, rehabilitation, and the protection of the public. *See United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007) (per curiam) (a supervised release condition may restrict First Amendment rights if the restriction is reasonably related to the goals

of deterrence, protection of the public, and/or defendant rehabilitation, and if it involves no greater deprivation of liberty than is reasonably necessary).

However, to the extent that the challenged restriction prohibits Goodwin from associating with Mr. Sharp in general, summary judgment was premature on this record because there is a triable dispute as to whether prohibiting Goodwin from associating with Mr. Sharp involves no greater liberty deprivation than is reasonably necessary to protect the state's interests. *See Soltero*, 510 F.3d at 866.

Contrary to Goodwin's contention, defendants' failure to respond to his concise statmeent of material facts does not constitute a concession of the alleged facts therein. *See* D. Or. L.R. 56-1(a).

We do not address Goodwin's argument that the defendants did not have the power under Oregon law to impose the challenged restriction because it is irrelevant to his First Amendment challenge.

Accordingly, we vacate and remand for further proceedings consistent with this disposition.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED.**

11-35630