**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAYANTIBHAI PATEL, DBA Princess
Inn; DAKSHA PATEL, Individual and all
others similarly situated and Plaintiff
Tenants,

        Plaintiffs-Appellants,

v.

CITY OF LONG BEACH, a municipal
corporation,

        Defendant-Appellee.

No.   18-55738

D.C. No.
2:08-cv-02806-AB-GJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted November 7, 2019
Pasadena, California

Before: SCHROEDER, FRIEDLAND, and R. NELSON, Circuit Judges.

Plaintiffs-Appellants Jayantibhai Patel, et al. ("Plaintiffs") filed suit in

district court in 2008 alleging that Defendant-Respondent City of Long Beach

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violated their state law and constitutional rights in proceedings surrounding and including revocation of their business license. In 2009, the district court dismissed Plaintiffs' federal claims and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. In the first appeal, our Court reversed as to Plaintiffs' Fourth Amendment claim, and asked the district court to consider the effect of this reversal on the state law claims. 564 F. App'x 881, 881–82 (9th Cir. 2014). The district court then ruled that there was "no basis for reinstating" the state law claims in federal court. After the parties settled the Fourth Amendment claim, Plaintiffs appealed the district court's refusal to reinstate the state law claim for writ of mandate.

We conclude that the district court had ample discretion to decline jurisdiction over the state law claim for writ of mandate. We affirm on the basis that, as of the time of the district court's declination of supplemental jurisdiction, Plaintiffs' state law claims substantially predominated over their only non-dismissed federal claim. *See* 28 U.S.C. § 1367(c)(2). The remaining Fourth Amendment claim was "a slender reed on which to base jurisdiction." *Patel v. Penman*, 103 F.3d 868, 877–78 (9th Cir. 1996), *overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir. 2007). There remained significant work to be done by the court and the parties to resolve

2

Plaintiffs' state law claims, that work would not overlap significantly with what was required to resolve the narrow Fourth Amendment damages issue, it was not unfair to the parties to require the state law claims to be litigated in state court, and comity weighed against exercise of supplemental jurisdiction over Plaintiffs' administrative review claim against a local government. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, the district court's action was plainly appropriate under section (c)(2).

**AFFIRMED.**