**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 2 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

FRANK LEVI KIRTDOLL,

     Plaintiff-Appellant,

v.

CITY OF TOPEKA, KANSAS; JOAN
WAGNON; DUANE F. POMEROY;
PETER TAVERES; JAMES A.
MCCLINTON; BETTY M. DUNN;
SAMUEL CARKHUFF; JIM
REARDON; FRAN LEE; VINCE
COOK; and JAMES GARDNER,

     Defendants-Appellees.

No. 02-3229

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 01-CV-2329-KHV)

---

Submitted on the briefs:

Frank L. Kirtdoll, *pro se*, Topeka, Kansas.

Mary Beth Mudrick, City of Topeka, Kansas, for Defendants-Appellees.

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, appearing pro se, filed a § 1983 action against the City of Topeka and several City officers alleging that Defendants violated his Fifth and Fourteenth Amendment rights by demolishing his property. He also asserted state law claims of trespass and conversion. The district court sustained Defendants' motion to dismiss and overruled Plaintiff's motion for summary judgment. The district court found that Plaintiff's action was untimely and that his complaint did not plead a factual predicate for any tolling theory. However, the court granted Plaintiff leave to file a motion to amend his complaint to allege grounds for tolling the statute of limitations. Plaintiff then filed a motion to amend, which the court overruled but, the court granted Plaintiff permission to file an amended complaint. Plaintiff then filed a motion for reconsideration and another motion to amend, both of which the court overruled. The court found that Plaintiff's proposed amendment did not state an adequate factual basis for tolling the statute of limitations. Therefore, the district court dismissed the action on May 23, 2002. Plaintiff appeals to this court.

Plaintiff concedes that his claims are barred by a two-year statute of limitations unless saved by K.S.A. § 60-518 which provides a plaintiff with additional time to bring a second action if he (1) timely commenced the first action, (2) failed in the first action other than on the merits after the expiration of the statute, and (3) commenced the new action within six months of the failure. In order to take advantage of K.S.A. § 60-518, Plaintiff must have served Defendants in the state court suit before he dismissed it. Otherwise, the state court suit never "commenced." Plaintiff's amended complaint alleges that he filed the state court action on January 4, 2001, and that he dismissed it the very next day on January 5, 2001. Plaintiff also alleges that he served the Defendants within ninety days of filing the action; however, he does not allege that he served the Defendants before he dismissed the case. Therefore, the state court action was never "commenced."

After a thorough review of the briefs and the record, and for substantially the same reasons set forth in the district court's January 28, 2002, and May 23, 2002, Orders, we hold that no relief is available to Mr. Kirtdoll pursuant to § 1983 because he did not state an adequate factual basis for tolling the statute of limitations.

The decision of the trial court is **AFFIRMED**.