**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WASCO PRODUCTS, INC.,
            *Plaintiff-Appellant,*

v.

SOUTHWALL TECHNOLOGIES, INC.;
BOSTIK, INC.,
            *Defendants-Appellees.*

No. 04-15171

D.C. No.
CV-02-02926-SBA

OPINION

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted
October 18, 2005—San Francisco, California

Filed January 13, 2006

Before: J. Clifford Wallace, Stephen S. Trott, and
Pamela Ann Rymer, Circuit Judges.

Opinion by Judge Wallace

**COUNSEL**

T. Scott Tate, Law Offices of T. Scott Tate, San Francisco, California, for plaintiff-appellant Wasco Products, Inc.

Mark S. Freeman, Choate, Hall & Stewart, Boston, Massachusetts, for defendant-appellee Southwall Technologies, Inc.

David R. Scheidemantle, Proskauer Rose LLP, Los Angeles, California, for defendant-appellee Bostik, Inc.

## OPINION

WALLACE, Senior Circuit Judge:

Wasco Products, Inc. (Wasco) appeals from the summary judgment granted to the appellees. Wasco sought to toll the applicable statutes of limitations because of an alleged civil conspiracy. We decide here the narrow question of whether Wasco was required to plead a civil conspiracy in order to raise the issue. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]

## I.

This action arises out of a dispute over insulated glass units (IGUs). Both appellees, Bostik, Inc. (Bostik) and Southwall Technologies, Inc. (Southwall), were involved in the manufacture of "Heat Mirror" IGUs that Wasco purchased.

A Heat Mirror IGU consists of Southwall's "Heat Mirror Film" suspended between two panes of glass. The film is designed to block ultraviolet and infrared radiation, while allowing the transmission of visible light. Southwall manufactured the film and provided manufacturers with guidelines for constructing Heat Mirror IGUs using the film. Bostik manufactured three types of sealants that were used to seal the Heat Mirror IGUs.

Wasco manufactures and assembles skylight systems. Wasco purchased Heat Mirror IGUs from third party manufacturers and incorporated them into its skylights. The Heat Mirror IGUs in dispute contained Southwall's film and Bostik's sealants. Wasco alleges it experienced an elevated failure rate in these Heat Mirror IGUs beginning in 1995.

---

[1]Wasco made several other arguments which are addressed by an accompanying memorandum disposition.

Wasco has alleged that both Southwall and Bostik knew that Heat Mirror IGUs would be no more durable than normal IGUs and that many would fail prematurely. Despite this knowledge, Wasco alleges that Southwall and Bostik represented to the public and Wasco that their Heat Mirror IGUs were more durable than standard IGUs and would not experience elevated failure rates.

In its opposition to summary judgment, Wasco alleged for the first time that Bostik and Southwall were engaged in a civil conspiracy to misrepresent the quality of the Heat Mirror IGUs in an attempt to toll the statutes of limitations. No allegation of conspiracy or agreement between the companies appears in Wasco's complaint.

## II.

[1] Both Southwall and Bostik contend that because Wasco failed to set forth the alleged conspiracy in its complaint, it may not raise the issue to toll the statutes of limitations. As this is a diversity action, we must determine whether federal or California procedural law applies to this question. Where there is no apparent conflict between federal and state law, we apply federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (if there is "no conflicting state procedure . . . [federal procedural law] would clearly control").

[2] Our court does not appear to have addressed this issue previously. We begin our analysis by observing that the object of the alleged conspiracy is fraudulent: to misrepresent the properties of the Heat Mirror IGUs. Rule 9(b) of the Federal Rules of Civil Procedure requires plaintiffs to plead fraud with particularity. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (as amended) ("Rule 9(b) serves to give defendants adequate notice to allow them to defend against the charge").

[3] Other federal courts to consider this issue have required the plaintiff to plead at least the basic elements of the conspir-

acy, especially the existence of an agreement. *See Montgomery v. City of Ardmore*, 365 F.3d 926, 940 (10th Cir. 2004) (requiring "alleg[ations] [of] specific facts showing an agreement and concerted action" for civil conspiracy claim) (internal quotation marks and citation omitted); *Crowe v. Henry*, 43 F.3d 198, 206 (5th Cir. 1995) (plaintiff, "at the very least, must allege specifically . . . an agreement" for RICO civil conspiracy claim) (internal quotation marks and citation omitted); *Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1521 (N.D. Cal. 1990) ("In civil conspiracy actions, courts insist upon a higher level of specificity than is usually demanded of other pleadings. . . . [P]laintiff's allegations that defendants conspired to commit fraud are insufficient both for failure to plead conspiracy with the requisite particularity and for failure to plead an agreement to participate in an unlawful act").

**[4]** Although the civil conspiracy is not an element of Wasco's claims, federal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings; this rule applies even where the tolling argument is raised in opposition to summary judgment. *See Guerrero v. Gates*, 357 F.3d 911, 920 (9th Cir. 2004) (plaintiff's equitable estoppel defense to statute of limitations was barred where plaintiff "failed to plead with particularity any . . . fraudulent behavior") (affirming dismissal under Rule 12(b)(6)); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662-63 (9th Cir. 1999) ("Fraudulent concealment, if affirmatively pleaded and proved" may toll statute of limitations) (affirming summary judgment because of plaintiff's failure to "allege with particularity any fraudulent activity") (as amended); *Grimmett v. Brown*, 75 F.3d 506, 514 (9th Cir. 1996) ("As an initial matter, [plaintiff] never pled the allegedly concealed facts in her complaint. Failure to plead these facts waives this tolling defense") (treating district court ruling as summary judgment and affirming) (citation omitted); *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120-21 (9th Cir. 1980) ("Under either California or federal authority, the plaintiff must plead

with particularity the facts which give rise to the claim of fraudulent concealment" in order to toll the statute of limitations) (affirming dismissal under Rule 12(b)(6)); *see also Kirtdoll v. City of Topeka*, 315 F.3d 1234, 1234 (10th Cir. 2003) (affirming dismissal for failure to "plead a factual predicate for any tolling theory"); *McCoy v. United States*, 264 F.3d 792, 795 (8th Cir. 2001) (rejecting attempt to toll statute of limitations because plaintiff "did not allege continuing negligent treatment") (affirming summary judgment); *Bull S.A. v. Comer*, 55 F.3d 678, 681-83 (D.C. Cir. 1995) (plaintiff has "burden of *pleading* and providing equitable reasons for noncompliance" with statute of limitations in order to seek tolling) (concluding plaintiff had properly established equitable tolling applied and reversing summary judgment based on statute of limitations) (internal quotation marks, citation, and punctuation omitted) (emphasis added)*; Larson v. Northrop Corp.*, 21 F.3d 1164, 1173 (D.C. Cir. 1994) (holding "allegations of fraudulent concealment, which toll the statute of limitations, must meet the [particularity] requirements of" Rule 9(b) and affirming summary judgment because "Larson failed to plead fraud or concealment . . . and raised the issue for the first time in his opposition to Northrop's cross-motion for summary judgment") (citations omitted).

**[5]** We do not see any principled basis for distinguishing civil conspiracy from these other grounds for tolling the statute of limitations. Based on these precedents and the plain language of Rule 9(b), we hold that under federal law a plaintiff must plead, at a minimum, the basic elements of a civil conspiracy if the object of the conspiracy is fraudulent. *Cf. Stac Elecs. Sec. Litig.*, 89 F.3d at 1405 (holding securities section 11 claims sounding in fraud are subject to Rule 9(b) particularity requirements). This requirement applies even if the civil conspiracy allegations are asserted only to toll the statute of limitations and even if they are raised only in opposition to summary judgment. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1019-20 (8th Cir. 2004) (rejecting tolling argument based on "continuing conspiracy or continuing viola-

tion" because plaintiffs had failed to "plead sufficient facts . . . to establish an exception to toll the statutes of limitations") (affirming dismissal with prejudice). We need not decide if any additional pleading requirements apply. We also express no opinion as to pleading requirements if the object of the conspiracy is non-fraudulent.

**[6]** California law does not appear to differ from federal law on this issue. In *Wyatt v. Union Mortgage Co.,* the California Supreme Court held that "when a civil conspiracy is *properly alleged and proved*, the statute of limitations does not begin to run . . . until the 'last overt act' pursuant to the conspiracy has been completed." 598 P.2d 45, 53 (Cal. 1979) (citation omitted) (emphasis added). Under California law, "[t]o state a cause of action for conspiracy, *the complaint* must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *Cellular Plus, Inc. v. Superior Court*, 18 Cal. Rptr. 2d 308, 314 (Ct. App. 1993) (internal quotations and citations omitted) (emphasis added) (stating these elements of civil conspiracy had also been extended to antitrust conspiracies); *see also Gen. Am. Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991) ("[T]he complaint must allege . . . the formation and operation of a conspiracy") (considering civil conspiracy allegations under California law). Therefore, under both federal law and California law, Wasco was required to plead the basic elements of civil conspiracy in order to toll the statute of limitations. Because both federal and California law require Wasco to plead the basic elements of civil conspiracy, we apply federal procedural law. *See Hanna*, 380 U.S. at 465.

## III.

**[7]** Wasco has failed to allege that Southwall and Bostik ever formed an agreement to misrepresent the properties of the sealant. Without any allegation that Bostik and Southwall agreed to commit wrongful acts, Wasco has failed under fed-

eral law to allege the most basic and fundamental element of a civil conspiracy.

**[8]** Wasco therefore may not toll the statute of limitations based on its allegations of civil conspiracy, which appear for the first time in its response to the summary judgment motion. "[T]he necessary factual averments are required with respect to each material element of the underlying legal theory. . . . Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings." *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990).

**AFFIRMED.**