**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN CERVANTES, | No. 13-15595 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00242-VPC |
| v. | |
| EMERALD CASCADE RESTAURANT SYSTEMS, INC., DBA Jack-in-the-Box, Inc., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Valerie P. Cooke, Magistrate Judge, Presiding

Submitted March 15, 2016**
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

This is a Title VII employment discrimination appeal in which the

Plaintiff/Appellant, John Cervantes, prevailed after a jury trial, and now challenges

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the district court's grant of summary judgment to his former employer, Emerald Cascade Restaurant Systems d/b/a Jack-in-the-Box, on several discrimination claims before trial as well as the district court's decision to reduce punitive damages. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part, affirm in part, and remand.

1. The district court's decision to reduce punitive damages is reversed and remanded for reconsideration in light of our intervening decision in *Arizona v. ASARCO*, 773 F.3d 1050 (9th Cir. 2014) (en banc).

2. Cervantes argues the district court erred in granting partial summary judgment to Emerald Cascade on his claims for retaliation, hostile work environment, and constructive discharge. We review grants of summary judgment *de novo.  F.T.C. v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009). The district court did not err in granting summary judgment on these three claims as they were not advanced until Cervantes's opposition to summary judgment and Cervantes's complaint did not give Emerald Cascade notice of these theories of liability, under the "liberal notice pleading standard" of Fed. R. Civ. P. 8. *See Pickern v. Pier 1 Imports, Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006). Because "summary judgment is not a procedural second chance to flesh out inadequate pleadings," the district court was correct to grant partial summary judgment on these three theories before

2

trial. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (quoting *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990)).

3. In a footnote to his opening brief, Cervantes notes his objection to the district court's decision to exclude from trial a comment about flying the American flag. But Cervantes provides no substantive argument as to how the district court erred, so he has waived this issue on appeal. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997-98 (9th Cir. 2007).

Each party shall bear its own costs.

**AFFIRMED in part; REVERSED in part; and REMANDED on the first issue only.**