**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEHAN ZEB MIR, M.D., | No. 13-56747 |
| Plaintiff-Appellant, | D.C. No. 8:12-cv-01629-RGK-SH |
| v. | |
| KENNETH DECK, M.D., an individual; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted January 18, 2017**

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jehan Zeb Mir, M.D., appeals pro se from the district court's judgment

dismissing his action alleging 42 U.S.C. § 1983, Racketeer Influenced and Corrupt

Organizations Act ("RICO"), and state law claims in connection with the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

termination of his California license to practice medicine. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (statute of limitations); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (immunity determination). We affirm.

The district court properly dismissed as time-barred Mir's claims against defendants Pomona Valley Hospital, Garg, Disney, Damuth, Wu, Deck, Bardin, Matyszewski, Alexander, Aristeiguita, Corday, Duruisseau, Gitnick, Solomonson, Wender, Yaroslavsky, and Zerunyan because Mir filed this action after the applicable statute of limitations had run. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions, and they accrue when the plaintiff knows or should know of the injury that is the basis of the cause of action); *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (the statute of limitations for civil RICO actions is four years). Further, Mir has not established any basis for tolling his claims. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198, 1204 (9th Cir. 2014) (explaining that federal courts borrow state law equitable tolling provisions, unless they are inconsistent with federal law, and setting forth

2                                                    13-56747

California's doctrine of equitable tolling); *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("[A plaintiff is] required to plead the basic elements of civil conspiracy in order to toll the statute of limitations.").

The district court properly dismissed Mir's claims against defendants Chang, Esrailian, Levin, Low, Moran, and Schipske based on a 2010 California Medical Board decision because those defendants are entitled to absolute immunity for actions undertaken in their quasi-judicial capacities. *See Olsen*, 363 F.3d at 926 (absolute immunity applies to those actions which are judicial or closely associated with the judicial process); *Mishler v. Clift*, 191 F.3d 998, 1009 (9th Cir. 1999) (medical board officials are entitled to absolute immunity for their quasi-judicial and quasi-prosecutorial functions).

**AFFIRMED.**

13-56747