NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND ALVANDI, | No. 15-56070 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-04379-DSF-AJW |
| v. | |
| FIDELITY CAPITAL HOLDINGS, INC., a California corporation, | MEMORANDUM* |
| Defendant, | |
| and | |
| EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 9, 2017**
Pasadena, California

Before: SCHROEDER, PREGERSON, and MURGUIA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Raymond Alvandi appeals from the district court's grant of summary judgment in favor of Defendant Experian Information Solutions, Inc. ("Experian") on Alvandi's claims that Experian violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). The Court must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

Liability under Alvandi's FCRA claims requires a prima facie showing of inaccurate reporting. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). Here, Alvandi raises multiple theories as to why his Experian credit reports were inaccurate. To the extent Alvandi argues that his Experian credit reports were inaccurate because they reported a debt that he was not legally obligated to pay or a debt that contained charges not permitted by law, these challenges are insufficient to establish that the reports were inaccurate within the

2

meaning of the FCRA. *Id.* at 892 (holding that FCRA claims against credit reporting agencies "are not the proper vehicle for collaterally attacking the legal validity of consumer debts"). To the extent Alvandi raises new theories as to why his Experian credit reports were inaccurate in response to Experian's summary judgment motion, and these theories were not pled in Alvandi's complaint, the Court concludes that these belated theories lack merit and are insufficient to defeat Experian's motion for summary judgment. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.").

**AFFIRMED.**