**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSANNA M. PEREZ,

        Plaintiff-Appellant,

  v.

VITAS HEALTHCARE CORPORATION, a Delaware corporation, and VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware corporation,

        Defendants-Appellees.

No. 17-55517

D.C. No. 2:16-cv-01681-DSF-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 7, 2018
Pasadena, California

Before: D.W. NELSON and CHRISTEN, Circuit Judges, and SHEA,[**] District Judge.

    Plaintiff Rosanna Perez appeals the district court's grant of VITAS

Healthcare's motion for summary judgment. In a diversity case, Perez brought

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

claims for wrongful termination and failure to accommodate under California's Fair Employment and Housing Act ("FEHA") as well as claims for wrongful termination in violation of public policy and breach of the implied covenant of good faith and dealing. We review the district court's grant of summary judgment de novo, *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1145 (9th Cir. 2017), and we affirm.

1. The district court did not err by granting summary judgment on Perez's FEHA wrongful termination claim. The record evidence is very clear that the two VITAS employees who made the decision to terminate Perez had no knowledge of her cancer diagnosis. This absence of evidence is fatal to Perez's claim. *See* Cal. Gov't Code § 12940(a) (prohibiting adverse employment actions "*because of . . .* physical disability [or] medical condition") (emphasis added); *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 73 (2000) ("In the absence of evidence that the individuals who denied appellant employment were aware of his past filing of a grievance, the causal link necessary for a claim of retaliation can not be established.").

Even if Perez could show VITAS had knowledge of her cancer diagnosis, her claim still fails because VITAS met its burden to provide a "legitimate, nondiscriminatory reason" for her termination and she did not provide any specific,

17-55517

substantial evidence of pretext. *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 378 (2015).

2. The district court did not err by granting summary judgment on Perez's FEHA reasonable accommodation claim. After her surgery, Perez returned to work with a note from her surgeon, which she obtained at VITAS' request, indicating she could work with no limitations or restrictions. She stated in her deposition that she felt "great" and was able to perform "100 percent" of her job duties, and she did not request any type of accommodation. Because Perez did not request any accommodations, communicate any limitations, or even appear to have any limitations after she returned from surgery, VITAS had no duty under FEHA to provide her an accommodation. *See King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 443 (2007) (holding employer had no duty to accommodate employee who returned to work with a doctor's note releasing him back to "regular duties and hours" and who admitted he was able to "get the job done").

3. The district court did not err by refusing to consider Perez's claim for failure to investigate her request for medical leave under the California Family Rights Act ("CFRA") because it was advanced for the first time in opposition to summary judgment. Perez likely waived this claim by failing to plead the "necessary factual averments" with respect to the "material elements" of the underlying legal theory. *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989,

17-55517

992 (9th Cir. 2006). Although Perez's complaint does list a claim for failure to provide reasonable accommodation, it does not mention Perez's alleged post-surgery request for medical leave — upon which the CFRA violation is premised. *Id.* ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings."); *but see Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (holding district court abused its discretion by failing to construe matter raised in opposition to summary judgment "as a request pursuant to rule 15(b) . . . to amend the pleadings out of time").

Even if the district court did err by failing to consider Perez's CFRA claim, that error was harmless because the claim fails on the merits. Not every request for medical leave will trigger the CFRA. An employee must "provide at least verbal notice sufficient to make the employer aware that the employee needs CFRA-qualifying leave, and the anticipated timing and duration of the leave." Cal. Code Regs. tit. 2, § 11091. For a CFRA claim to survive summary judgment, "a reasonable trier of fact" must be able to find that notice was given. *Avila v. Cont'l Airlines, Inc.*, 165 Cal. App. 4th 1237, 1255.

For the same reasons that Perez's actions failed to trigger VITAS' duty to accommodate, she failed to provide adequate notice under CFRA. Upon her return to work, Perez informed three VITAS employees that she would need time off sometime in the future for additional treatment, but she did not provide any

4                                                                    17-55517

information on the "anticipated timing or duration" of her future treatment. Cal. Code Regs. tit. 2, § 11091. Indeed, her treatment was not scheduled until after her employment was terminated. Because Perez failed to provide this information, no reasonable trier of fact could find she gave sufficient notice to trigger a duty under CFRA.

4. Because we hold the district court properly granted summary judgment on Perez's CFRA and FEHA claims, her claim for wrongful termination in violation of public policy also necessarily fails.

5. Perez provides no evidence to overcome the presumption that her employment agreement was at-will. Thus, her claim for breach of the implied covenant of good faith and dealing fails. *See Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 680 (1988).

**AFFIRMED.**