**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

J. ROBERT BERRELLEZ, on behalf of
himself, all others similarly situated,

Plaintiff-Appellant,

v.

PONTOON SOLUTIONS, INC., a
Delaware corporation; et al.,

Defendants-Appellees.

No.    16-56844

D.C. No.
2:15-cv-01898-CAS-FFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted October 12, 2018
Pasadena, California

Before:  SCHROEDER and NGUYEN, Circuit Judges, and SIMON,** District
Judge.

J. Robert Berrellez appeals the district court's grant of summary judgment to

various Defendants.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

The district court properly found that Berrellez lacked Article III standing to proceed against Defendants. In order to establish standing, Berrellez must satisfy three elements: "First, the plaintiff must have suffered an injury in fact . . . . Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and punctuation omitted). Here, Berrellez failed to meet the second element.

Berrellez alleged violations of credit reporting laws[1] based on the language in the "Background Authorization and Release" form ("Rose Release Form") provided by Defendant Rose International Inc. However, Berrellez did not sign the Rose Release Form, and Rose did not procure any documents based on the form. Instead, Berrellez offered evidence that Defendant Bank of America, N.A. ("BANA") procured background checks. Berrellez signed two forms authorizing BANA's background checks, namely a Consent Form Standard Package and an

---

[1] Berrellez brought putative class claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681b(2)(A), 1681d(a); California Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785 *et seq.*; and the California Investigative Consumer Reporting Agencies Act (ICRAA), Cal. Civ. Code § 1786 *et seq.*

Authorization Form for Consumer Reports. Because Berrellez's injury of allegedly unlawfully-procured background checks is not fairly traceable to the Rose Release Form, and his amended complaint did not allege any violation as to the BANA forms, Berrellez failed to show causation between his injury and the Defendants' conduct. He therefore lacks standing.

Berrellez did not request leave to amend his complaint to challenge the BANA forms. "[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Prod., Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (quoting *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990)). The district court therefore did not err in failing to sua sponte grant leave to amend. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665–66 (9th Cir. 1999). Because the district court properly granted summary judgment to Defendants based on Berrellez's lack of standing, we need not address the remaining issues raised on appeal.

**AFFIRMED.**