NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA RODRIGUEZ, an individual, | No.   19-55087 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03876-R-AS |
| v. | |
| NEW HAMPSHIRE BALL BEARINGS, INC., a New Hampshire corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 10, 2020[**]
Pasadena, California

Before:  GOULD and R. NELSON, Circuit Judges, and COGAN,[***] District Judge.

Maria Rodriguez ("Rodriguez") appeals the district court's grant on

summary judgment of her claims under California's Fair Employment and Housing

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

Act ("FEHA"), Cal. Gov't Code § 12940, in favor of her former employer, New Hampshire Ball Bearings, Inc. ("NHBB"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

For more than two decades, Rodriguez worked in assembly at one of NHBB's manufacturing facilities in California. After experiencing symptoms of depression, anxiety, and panic attacks, she took medical leave in April 2015. Over the course of a year, she extended her medical leave until NHBB informed her that it could not guarantee a position for her when she was well enough to return to work. NHBB told Rodriguez that her position was no longer available and asked her to provide a doctor's note clearing her to return to work. Rodriguez never submitted such a note and did not return to her former position. In 2018, Rodriguez filed suit against NHBB, alleging violations of the FEHA. NHBB removed the case to federal court, and the district court granted summary judgment in NHBB's favor. This appeal followed.

First, Rodriguez argues that the district court erred in granting summary judgment in NHBB's favor. She brought two claims under the FEHA: (1) failure to provide reasonable accommodation, Cal. Gov't Code § 12940(m); and (2) failure to engage in an interactive process, Cal. Gov't Code § 12940(n). We review a district court's order granting summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party. *United States v.*

*Phattey*, 943 F.3d 1277, 1280 (9th Cir. 2019).

Under the FEHA, an employee bears the burden of proving that she was a "qualified individual" who could perform the essential functions of her job with or without reasonable accommodation. *Green v. State*, 165 P.3d 118, 123 (Cal. 2007). Here, Rodriguez did not meet her burden because she could not rebut her own doctor's testimony that she was not cleared to return to work by April 10, 2016, the date she alleged that she was able and willing to return. In a deposition, Dr. Watkins testified: "[i]f I had intended for her to return to work, I would have also said, 'I release her to return to work on such-and-such date.'"

Because Rodriguez could not show that she was a "qualified individual" under the FEHA, the district court properly granted summary judgment in NHBB's favor with respect to Rodriguez's reasonable accommodation claim. *See Atkins v. City of Los Angeles*, 214 Cal. Rptr. 3d 113, 133 (Cal. Ct. App. 2017) ("[A] claim for failure to accommodate under section 12940, subdivision (m), requires the plaintiff to show that he or she is a 'qualified individual' under FEHA."). And because Rodriguez only raised her interactive process claim for the first time in opposition to NHBB's motion for summary judgment, that claim is waived.[1] *See*

---

[1] Even absent waiver by Rodriguez, she could not show that she was cleared to return to work. NHBB could not have reasonably accommodated her, so her claim also fails on the merits. *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 83 Cal. Rptr. 3d 190, 218 (Cal. Ct. App. 2008).

*Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006).

Second, Rodriguez argues that the district court should have allowed her to depose NHBB's senior human resources manager, Donna Marcinkowski ("Marcinkowski"), before summary judgment. We review a district court's refusal to permit additional discovery pursuant to Federal Rule of Civil Procedure 56(f) for an abuse of discretion. *See IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1127 (9th Cir. 2020). A district court abuses its discretion only "if the movant diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment." *See id.* (quoting *Qualls v. Blue Cross of Cal.*, 22 F.3d 839, 844 (9th Cir. 1994) (emphasis in original)).

We see no abuse of discretion here. Rodriguez did not show that taking Marcinkowski's deposition would have precluded summary judgment. She merely "expressed the hope that evidence to contradict [Marcinkowski's declaration] would transpire at deposition." *Cont'l Mar. of S.F., Inc. v. Pac. Coast Metal Trades Dis. Council*, 817 F.2d 1391, 1395 (9th Cir. 1987).

Finally, Rodriguez contends that the district court erred in relying on Dr. Watkins' testimony to find that Rodriguez was not a "qualified individual" under the FEHA. According to Rodriguez, the district court should not have allowed NHBB to introduce new evidence for the first time on reply in support of its

4

summary judgment motion. But because Rodriguez failed to object before the district court, this argument is waived. *See Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018) ("If a party does not object to or challenge the improper submission of new evidence before the district court, the party who fails to object has 'waived any challenge on the admissibility of [the] evidence.'") (quoting *Getz v. Boeing Co.*, 654 F.3d 852, 868 (9th Cir. 2011)).

**AFFIRMED.**