NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES C. HILLIARD, | No.    20-35002 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00232-DCN |
| v. | |
| MURPHY LAND COMPANY, LLC, an Idaho Limited Liability Company, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted February 1, 2021[**]
Seattle, Washington

Before:  GRABER, McKEOWN, and PAEZ, Circuit Judges.

James Hilliard appeals the district court's grant of summary judgment for

Murphy Land Company, LLC.  Hilliard had an option to buy Crystal Hills Farm

from Murphy Land, but Murphy Land sold the property to someone else when the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

option expired. Hilliard then sued, seeking a declaration that he had exercised his option in time. The district court concluded that, even if Hilliard had exercised the option, the case was moot because the district court could not change the ownership of the property given that it was no longer owned by Murphy Land. We review the grant of summary judgment de novo, *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018), and affirm.

Although Hilliard contends that the case would not have become moot if he had been permitted to amend his complaint, in fact Hilliard did not seek to amend his complaint. The error, he argues, is that the district court did not *sua sponte* construe parts of his summary judgment brief as a motion to amend. The problem is that at the summary judgment hearing, Hilliard told the district court that he was *not* moving to amend his complaint and that he would do so only after resolution of the motion. Understandably, the district did not treat his brief as a motion to amend.

Hilliard maintains that courts have an absolute duty to treat new arguments raised in a brief as motions to amend. But we have held that "summary judgment is not a procedural second chance to flesh out inadequate proceedings." *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (internal quotation marks omitted). We have also more than once affirmed a district court's decision not to consider new issues and claims in the briefing as a motion to

2

amend. *See, e.g.*, *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963 (9th Cir. 2006); *389 Orange St. Partners v. Arnold*, 179 F.3d 656 (9th Cir. 1999). And where we have reversed a district court for not treating new claims raised in a brief as a motion to amend, we have not done so when, as here, the party specifically indicated that it was not seeking to amend until after resolution of the motion. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147 (9th Cir. 2014); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 n.4 (9th Cir. 2016); *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir. 1990).

The district court therefore did not abuse its discretion in declining to consider the new claims as a motion to amend. *Cf.* 3 MOORE'S FEDERAL PRACTICE § 15.14 (2017) ("[I]t is not an abuse of discretion for the court to fail to grant leave to amend when leave was not sought."). Hilliard's derivative arguments that Federal Rule of Civil Procedure 15 applies and that the case was not moot likewise fail.

The district court concluded that, if Hilliard moved to amend after summary judgment, the motion would fail. A party may amend after the scheduling deadline only with "good cause," Fed. R. Civ. P. 16, and the central inquiry is "whether the requesting party was diligent in seeking the amendment." *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

The district court did not abuse its discretion in finding that Hilliard was not

3

diligent, because he did not timely move to amend even though he had "both constructive and actual notice before discovery closed that the relief he was seeking was moot." Hillard's claim that he did not have constructive notice is beside the point because it is undisputed that Hilliard had actual notice. Indeed, despite having notice of the sale since Murphy Land's Answer a month into the litigation, Hilliard did not timely move to amend, did not move to extend the deadline to amend, and did not move for a continuance of the summary judgment motions in order to assert new claims.

Because we affirm the district court's judgment, we also affirm its award of attorneys' fees to Murphy Land. *See 389 Orange St. Partners*, 179 F.3d at 666. Murphy Land's request for attorneys' fees on appeal may be addressed through Ninth Circuit Rule 39-1.

**AFFIRMED**.