**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKY RAY, individually and as successor in interest to Cynthia Ray, deceased; et al., | No.   20-55989 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-04922-DSF-MAA |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 19, 2021**
Pasadena, California

Before:  CALLAHAN, OWENS, and FORREST, Circuit Judges.

Plaintiffs Ricky Ray, Morgan Howard, Alexis Grimm, Kourtnee Grimm, and

J.R. (collectively, the "Ray Family") appeal from the district court's summary

judgment in favor of defendant State Farm Mutual Automobile Insurance

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Company ("State Farm") in the Ray Family's action arising from a car accident where Cynthia Ray, wife and mother of the Ray Family, was killed. State Farm insured the driver who caused the accident. After an underlying personal injury suit against the driver awarded damages to the Ray Family, the driver assigned his contractual rights against State Farm to the Ray Family. The Ray Family then filed the instant action against State Farm, asserting a single claim under California law for breach of the covenant of good faith and fair dealing. Specifically, the Ray Family alleged that State Farm acted in bad faith by failing to accept a policy-limits demand to settle the Ray Family's claims against the driver.

We review de novo a district court's grant of summary judgment. *SEC v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018). "A district court's refusal to continue a hearing on summary judgment pending further discovery is reviewed for an abuse of discretion." *Id.* at 833 (citation omitted). The denial of leave to amend is also reviewed for an abuse of discretion. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 760 (9th Cir. 2017). We affirm.

The district court did not abuse its discretion by denying the Ray Family's request under Federal Rule of Civil Procedure 56(d) to continue summary judgment so that the Ray Family could pursue additional discovery. The Ray Family failed to identify why the specific facts and discovery it sought would preclude summary judgment. *See InteliClear, LLC v. ETC Glob. Holdings, Inc.*,

2

978 F.3d 653, 662 (9th Cir. 2020) (setting forth the requirements to prevail on a request for additional discovery under Rule 56(d)).  The Ray Family also failed to adequately explain why it could not have pursued its sought discovery earlier.  *See Big Lagoon Rancheria v. California*, 789 F.3d 947, 955 (9th Cir. 2015) (stating that the party requesting a continuance must show that it "diligently pursued its previous discovery opportunities" (citation omitted)).

The Ray Family further argues that "the district court erred in failing to consider the additional material issues raised in opposition to the motion [for summary judgment] as if they had been alleged in an amended complaint for bad faith conduct for" (1) depleting the policy by settling with a third party also injured in the car accident; (2) failing to disclose that another individual was also an insured; and (3) failing to interplead the policy in the underlying personal injury suit.  The Ray Family raised these new theories regarding State Farm's alleged bad faith for the first time in its opposition to summary judgment, and did not explicitly seek leave to amend its complaint.

It was improper for the Ray Family to advance these new theories for the first time in its opposition to summary judgment.  *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (en banc) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings." (quoting *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006))); *Echlin*

3

*v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018). *But see Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (holding that the district court should have construed matter raised by the plaintiffs in their motion for summary judgment and their opposition to summary judgment as a request to amend the complaint).

Moreover, even if raising these new theories was not procedurally improper, the Ray Family fails to show that its new theories created a genuine dispute of material fact regarding its pled claim that State Farm acted in bad faith by failing to accept the policy-limits settlement demand.

Furthermore, to the extent that the district court implicitly denied the Ray Family leave to amend to add its new theories, *see Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013), there was no abuse of discretion. Any amendment to add the Ray Family's new theories would have been futile, and the Ray Family does not adequately explain its delay in raising these new theories. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (setting forth factors in assessing the propriety of leave to amend).

**AFFIRMED**.