NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN BRISENO, Plaintiff-Appellant, v. CITY OF WEST COVINA, a municipal entity; et al., Defendants-Appellees. | No. 22-55100 D.C. No. 2:20-cv-02986-MRW MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding

Argued and Submitted February 15, 2023
University of San Diego

Before: McKEOWN, OWENS, and BUMATAY, Circuit Judges.

After pleading no contest to resisting arrest, Ruben Briseno brought an excessive force claim against his arresting officers and the City of West Covina under 42 U.S.C. § 1983. The district court entered summary judgment for the defendants, ruling that Briseno's claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Reviewing de novo, *Suzuki Motor Corp. v. Consumers Union of the*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003), we affirm.

1. Briseno's excessive force claim is *Heck*-barred. Under *Heck*, when "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed[.]" 512 U.S. at 487. In his criminal proceeding, Briseno pled no contest to resisting a peace officer under Cal. Penal Code § 148(a)(1). And under California law, "[t]he lawfulness of the officer's conduct is an essential element of the offense under § 148(a)(1)." *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1130 (9th Cir. 2011). So, *Heck* precludes Briseno from bringing an excessive force claim "predicated on allegedly unlawful actions by the officer *at the same time* as the plaintiff's conduct that resulted in his § 148(a)(1) conviction." *Sanders v. City of Pittsburg*, 14 F.4th 968, 971 (9th Cir. 2021). Briseno's arresting officers were entitled to summary judgment on the lawfulness of the force they used during the arrest.

2. We affirm the district court's refusal to consider Briseno's unpled theory that the officers used excessive force *after* handcuffing him. At the summary judgment stage, Briseno sought to overcome *Heck* by arguing that the officers continued to beat him after he was placed in handcuffs. But this theory appears nowhere in Briseno's complaint. "[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Prods., Inc. v. Southwall Techs, Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (citation omitted). Briseno "may not

effectively amend [his] [c]omplaint by raising a new theory . . . in [] response to a motion for summary judgment." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010). Because Briseno's argument about use of excessive force after handcuffing was not adequately presented below, we do not reach whether this theory, properly pled, could survive the *Heck* bar.

**AFFIRMED.**