**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

E.R.E. VENTURES, LLC, a Delaware limited liability company; et al.,

Plaintiffs-Appellants,

v.

DAVID EVANS AND ASSOCIATES, an Oregon corporation; et al.,

Defendants-Appellees,

and

KOLOA PACIFIC CONSTRUCTION, INC.; et al.,

Defendants.

No. 22-55433

D.C. No.
2:17-cv-01561-FLA-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted June 27, 2023[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Plaintiffs appeal the district court's grant of summary judgment to David Evans & Associates (DEA)[1] and Langan Engineering and Environmental Services, Inc. (Langan).  We have jurisdiction, *see* 28 U.S.C. § 1291, and affirm.

Plaintiffs' claims against DEA and Langan, brought under the federal Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601–9675, and California's Carpenter-Presley-Tanner Hazardous Substance Account Act, Cal. Health & Safety Code §§ 25300–25395.45, fail, because DEA and Langan were not "operators."  *See* 42 U.S.C. §§ 9607(a)(2); 9613(f)(1); Cal. Health & Safety Code § 25323.5(a)(1).  Neither DEA nor Langan participated in or had authority to manage, direct, or control the grading work, which was performed solely by Koloa Pacific Construction, Inc. (KPC).  *See United States v. Bestfoods*, 524 U.S. 51, 66–67 (1998).

Plaintiffs forfeited their claims that DEA is liable under California tort law for failing to warn KPC about the presence of naturally occurring asbestos (NOA) before the contamination occurred, because plaintiffs did not allege those claims in the complaint.  *See La Ass'n de Trabajadores de Lake Forest v. City of Lake*

---

[1] For clarity, we refer to both Hall & Foreman, Inc. and David Evans & Associates as "DEA."

*Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010); *Wasco Prods., Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). On the merits, plaintiffs' tort claims against DEA fail, because plaintiffs did not introduce expert testimony as to the applicable standard of care. *See U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1138 (9th Cir. 2011). The common knowledge exception does not apply, because it would not be obvious to a lay person that a reasonably prudent civil engineer (hired to draft grading plans for a complex construction project) should repeatedly warn another contractor about the presence of NOA discovered by a different contractor. *See Miller v. L.A. Cnty. Flood Control Dist.*, 8 Cal. 3d 689, 702–03 (1973).

Plaintiffs' tort claims against Langan fail, because they are not independent of the 2011 contract between plaintiffs and Langan and, therefore, are barred by the Economic Loss Rule.[2] *See Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 923 (2022). The cost to remediate the NOA contamination (the harm allegedly caused by Langan's failure to perform its contractual obligations in accordance with industry standards) is a purely economic loss, not property damage. *See Aas v. Superior Ct.*, 24 Cal. 4th 627, 635–36 (2000), *superseded on other grounds by*

---

[2] Plaintiffs fail to create a genuine dispute of material fact that the parties to the 2011 contract were Langan and Kangaru Enterprises, LLC.

Cal. Civ. Code §§ 895–945.5. Further, because the parties' contract explicitly excluded "services related to . . . asbestos" from Langan's obligations, imposing a tort duty on Langan with respect to the NOA contamination would be "contrary to the rights and obligations clearly expressed in the . . . contract" and is "not independent of the . . . contract." *Sheen*, 12 Cal. 5th at 925.

Plaintiffs forfeited their claim that Langan breached the 2011 contract, because plaintiffs did not allege that claim in the complaint. *See La Ass'n de Trabajadores de Lake Forest*, 624 F.3d at 1088; *Wasco Prods., Inc.*, 435 F.3d at 992. On the merits, the breach of contract claim fails, because (1) Langan's monthly grading reports did not falsely state that the grading was conducted in accordance with an NOA mitigation plan that appeared in the 2011 Langan geotechncial report, and (2) Langan did not have a contractual duty to certify compliance with an NOA mitigation plan. Finally, the hazardous materials exclusion is not void against public policy, because the exclusion did not relieve Langan from liability for its actions performed pursuant to the contract, but rather limited the services that Langan was required to provide under the contract. *See* Cal. Civ. Code § 1668.

**AFFIRMED.**