**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1620
_____

ROBERT HOLTON,
Appellant

v.

BOBBY HENON; DARIN L. GATTI; EDWARD JEFFERSON; CITY OF
PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cv-02228)
District Judge: Honorable Chad F. Kenney
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 6, 2023

Before: CHAGARES, *Chief Judge*, HARDIMAN and FREEMAN, *Circuit Judges*

(Filed: September 8, 2023)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Robert Holton appeals the District Court's summary judgment rejecting his takings claim under the Fifth and Fourteenth Amendments to the Constitution. We will affirm.

I

Holton has worked for or owned an auto scrap salvage yard in Philadelphia since 1990. He later purchased two adjacent lots on which the scrap yard was located. The deed pegs former Balfour Street as the lots' western boundary. A 1977 survey plan and a 2004 site plan identify the same border.

At some point, the scrap yard began using land outside the deed's metes and bounds: west of former Balfour Street, up to Richmond Street. Yet the City of Philadelphia has owned the land between those streets—a stretch given the fictional address "4087 Richmond Street" for this litigation—since 1951.

The City's Department of Licenses & Inspections (L&I) issued Holton several violations in 2017 for operating his business on 4087 Richmond Street without authorization. L&I later issued a cease operations notice and order, warning Holton that the City would shutter his business there unless he rectified the violations. Holton appealed to the L&I Review Board, which unanimously affirmed the violations determinations. He then sought a preliminary injunction from the Court of Common Pleas to block enforcement of the L&I orders, but the court rejected his claim twice. Holton did not appeal those court orders.

L&I ordered Holton to vacate 4087 Richmond Street while his case was pending

in the Court of Common Pleas. The City enforced that order in October 2018 by removing Holton's property from the site, including trailers, trucks, cars, and other equipment. Darin Gatti, the City's chief engineer and president of the City's Board of Surveyors, ensured that the lines marking Holton's lots were staked out so that Holton's personalty was removed only from City land.

Holton sued Gatti and other City officials and officers, including Philadelphia Councilman Bobby Henon, in federal court. The operative second amended complaint names as defendants Gatti, Henon, Edward Jefferson (a City attorney), and the City (collectively, the City). Holton asserted a Fifth and Fourteenth Amendment takings claim for the removal of his property from 4087 Richmond Street, and a claim alleging civil conspiracy among Gatti, Henon, and Jefferson to deprive him of his property without just compensation.

The City moved to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine in light of the Court of Common Pleas's affirmance of the L&I violations determinations. The District Court agreed, but we reversed and remanded for further proceedings. *Holton v. Henon*, 832 F. App'x 781 (3d Cir. 2020). When the City moved for summary judgment, Holton moved to defer summary judgment under Rule 56(d) of the Federal Rules of Civil Procedure, arguing that he should be allowed to depose Henon, who was being prosecuted on corruption charges, after Henon's criminal trial. The District Court denied the motion. Holton filed an affidavit and a renewed Rule 56(d) motion to defer summary judgment, which the Court again denied.

After Holton filed a two-page memorandum opposing summary judgment and

3

supplemental response, the District Court held oral argument and granted the City's motion. In a thorough opinion, the Court found that Holton had not established a genuine dispute of material fact that he had a property interest in 4087 Richmond Street through deed, adverse possession, or the need for ingress and egress. *Holton v. Henon*, 2022 WL 716766, at *8–16 (E.D. Pa. Mar. 9, 2022). The Court also found that Holton's civil conspiracy claim failed because the City, by removing Holton's personalty from 4087 Richmond Street, had properly secured its own property for its intended public use. *Id.* at *17.

Holton appeals the District Court's final judgment.

## II[1]

Holton makes two arguments on appeal: first, he is entitled to just compensation for the City's 2012 and 2018 takings of the scrap yard property; second, the District Court erred by denying his Rule 56(d) motion to defer summary judgment so he could depose Henon.[2]

## A

Holton argues that the City unconstitutionally took his property in 2012 and 2018 without just compensation. But though the operative complaint alleges that the City

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a). We have jurisdiction under 28 U.S.C. § 1291.

[2] Holton's opening brief alludes several times to the civil conspiracy claim but does not focus that issue for our review or devote an argument section to it. We therefore decline to address the District Court's disposition of the civil conspiracy claim. *See Mitchell v. Cellone*, 389 F.3d 86, 92 (3d Cir. 2004).

acquired in 2012 a portion of Holton's deeded land on the *east* end of his property, the complaint's two counts assert unlawful conduct relating only to the 2018 removal of property from 4087 Richmond Street, which abuts the *west* bound of his property. Holton is not entitled to trial on a theory the grounds for which he did not plead in his twice-amended complaint. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Summary judgment is not a procedural second chance to flesh out inadequate pleadings.") (cleaned up). We accordingly reject his argument about the alleged 2012 taking.

We also agree with the District Court that Holton failed to establish a genuine dispute of material fact as to the alleged 2018 taking. The operative complaint's only asserted ground for Holton's property interest in 4087 Richmond Street is ownership by deed in fee simple. But after discovery revealed that his deed does not encompass 4087 Richmond Street, Holton abandoned that theory at the summary judgment stage, thus waiving it for our review. *See Garza v. Citigroup Inc.*, 881 F.3d 277, 284 (3d Cir. 2018).

Holton argued instead at summary judgment that he owned the land through adverse possession. Yet he has forfeited that theory on appeal by failing to dispute the record's silence on the factual elements of adverse possession or to argue anything else about adverse possession. So we will not consider this argument either. *See Tse v. Ventana Med. Sys., Inc.*, 297 F.3d 210, 225 n.6 (3d Cir. 2002).

Last, Holton argued in his supplemental response opposing summary judgment that 4087 Richmond Street was the "principal entrance" to his lots, App. 569, and that the City's assertion of ownership over that property stripped him of lawful ingress and egress

5

to his deeded land. Yet a party cannot rebut a motion for summary judgment by relying solely on assertions made in legal filings, *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006), and the District Court rightly observed that the record is "completely bare" of evidentiary support for this theory. *Holton*, 2022 WL 716766, at *8. In fact Holton's attorney repeatedly confirmed at argument in the District Court that the City's 2018 actions did *not* landlock Holton: Holton had two routes of ingress and egress at that time, granted by deed and oral agreement with a railroad company. That admission of fact binds Holton and scuttles his final ownership argument. *See Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 198 (3d Cir. 2019).

The record either disproves or fails to support each of Holton's ownership theories as to 4087 Richmond Street, and no evidence suggests that the City removed any personalty from Holton's deeded land. So Holton's takings claim founders. On de novo review, *see Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 229 (3d Cir. 2021), the City was entitled to summary judgment on this claim.

B

Holton also says the District Court erred by denying his Rule 56(d) motions to defer summary judgment until he could depose Henon. But Holton failed to make the required showing.

Rule 56(d) of the Federal Rules of Civil Procedure permits courts to defer a ruling if the party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Yet Holton does not specify why Henon's deposition testimony would be essential to justifying

6

denial of summary judgment. In the affidavit accompanying his renewed Rule 56(d) motion, Holton averred that deposing Henon would allow Holton to "learn the truth of this matter." App. 554. That is not a "specified reason[]." Fed. R. Civ. P. 56(d). Holton likewise says deposing Henon would bolster his "case in chief," Reply Br. 6—again without saying how. And though Holton faults the City for not "present[ing] any facts that would tip" the District Court away from granting the motion to defer, Reply Br. 5, the burden under Rule 56(d) is Holton's, not the City's. His failure to carry it is "fatal." *Bradley v. United States*, 299 F.3d 197, 207 (3d Cir. 2002). So the District Court did not abuse its discretion in denying Holton's initial and renewed motions to defer.

\*     \*     \*

We will affirm the District Court's summary judgment for these reasons.